UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| SHAWN TIGUE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 6:17-CV-230-JMH-REW |
| v. | ) | |
| | ) | |
| AARON SMITH, Warden, | ) | RECOMMENDED DISPOSITION |
| | ) | |
| Respondent. | ) | |

* * * * * * * * * *

Shawn Tigue, an individual in Kentucky state custody, filed a lengthy *pro se*[1] petition and many additional pages of exhibits, which District Judge Reeves interpreted to raise claims under 28 U.S.C. § 2254. *See* DE ##1 (Petition); 3 (Order). After clerical reclassification, the District's standard referral sent the matter to the undersigned for initial review and a recommended disposition. Per Rule 4 of the Rules Governing Section 2254 Proceedings, the Court has conducted its initial review of the petition. Based on the Court's initial consideration, it "plainly appears from the petition and [the] attached exhibits that [Tigue] is not entitled to relief[.]" Rule 4. Accordingly, the Court **RECOMMENDS** that the District Court **SUMMARILY DISMISS** the petition (DE #1) and **DENY** a Certificate of Appealability.

*Background*

According to Tigue, the petition concerns a recent state conviction following remand from the Kentucky Supreme Court. *See Commonwealth v. Tigue*, 459 S.W.3d 372 (Ky. 2015).

---

[1] *Pro se* petitions receive a comparatively lenient construction by the Court. *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a *pro se* habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief" (citations and internal quotation marks omitted)).

1

Tigue states that on February 21, 2017, following retrial, the Bell Circuit Court sentenced him to life without parole. DE #1, at 1. Petitioner, who, by all appearances, has doggedly litigated the case (premised on a 2003 indictment), candidly acknowledges a currently "pending" direct appeal to the Kentucky Supreme Court. *Id.* at 2.[2]

*Standard*

The Court conducts a preliminary review of § 2254 petitions:

> [T]he [assigned] judge must promptly examine [the petition]. If it plainly appears from the petition and [the] attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4.

Dismissal under Rule 4 is appropriate for "petitions that raise legally frivolous claims," as well as "petitions containing factual allegations that are palpably incredible or false." *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). A court should "summarily dismiss [a] petition without even requiring a response from the government if the petition and exhibits plainly show that the petitioner is not entitled to relief[.]" *Id.* at 437 (citing and relying on *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993)). "Rule 4 . . . authorizes a district court to conduct an initial screening of petitions and to dismiss unworthy requests for habeas corpus relief." *Small*, 998 F.2d at 414. A "court can dismiss a petition that raises a legal theory that is indisputably without merit." *Id.* Indeed, this "Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face," including "when the petition is frivolous, or obviously lacking in merit." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

---

[2] Indeed, per the motion, even that effort is on hold while Tigue pursues additional relief at the <u>trial</u> court. DE #1, at 2.

*Analysis*

Tigue presents a legally frivolous petition based on posture. Tigue's theories and arguments are indisputably without merit, at least at this time, and the petition plainly shows he is (now, at least) entitled to no relief.

Simply put, the federal habeas exhaustion requirement bars Tigue's claims. A petitioner may not seek federal habeas relief under § 2254 until he has exhausted all available state remedies or demonstrated their inadequacy. 28 U.S.C. § 2254(b)(1). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 119 S. Ct. 1728, 1731 (1999); *see also id.* at 1732 (describing contours of the exhaustion doctrine). "[T]he exhaustion inquiry focuses entirely on the availability of state procedures at the time when the federal court is asked to entertain a habeas petition." *Id.* at 1736 (Souter, J., concurring). "AEDPA's exhaustion requirement only 'refers to remedies still available at the time of the federal petition.'" *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (quoting *Engle v. Isaac*, 102 S. Ct. 1558, 1570 n.28 (1982)).

"State courts, like federal courts, are obliged to enforce federal law. Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." *O'Sullivan*, 119 S. Ct. at 1732. A petitioner must likewise "use the State's established appellate review procedures before he presents his claims to a federal court." *Id.* Federal habeas courts "ask not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, *i.e.*, whether he has fairly presented his claims to the state courts[.]" *Id.* at 1734; *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th

3

Cir. 2000) (explaining the "fairly presented" requirement). The burden is on Petitioner to prove

exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Tigue, who, again, admits a currently pending Kentucky Supreme Court direct appeal,

clearly has not exhausted all available state remedies. Filing a federal habeas petition without

exhausting available state remedies is an improper way to seek relief. The United States Supreme

Court is clear: Tigue must "use the State's established appellate review procedures before he

presents his claims to a federal court." *O'Sullivan*, 119 S. Ct. at 1732. Petitioner has not finished

doing so here.[3] *Cf., e.g.*, *Abraitis v. Gallagher*, No. 1:15-CV-710, 2015 WL 5159079, at *5-*6

(N.D. Ohio Sept. 2, 2015) (summarily dismissing a § 2254 filing when petitioner had "several

pending appeals in state court" and stating: "Petitioner appears to be misunderstanding the

purpose of habeas review and is treating this court as a means of direct appeal. This is wholly

inappropriate.").

For thoroughness, the Court also considers whether Tigue may instead seek relief under §

2241.[4] 28 U.S.C. § 2241(c)(3) more broadly extends the authority to issue the writ to a prisoner

---

[3] The Court also notes, without coming to any conclusions on, the potential applicability of the procedural default doctrine. "A claim may become procedurally defaulted in two ways. First, a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court. If, due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted. Second, a petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate review procedures. If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Williams*, 460 F.3d at 806 (citations, internal quotation marks, and paragraph break omitted). Exhaustion is the present hurdle for Tigue, but the Court notes the potential future obstacle the procedural default doctrine may yet pose. The story remains to be told as the state courts work through and resolve issues the litigants contest.

[4] Judge Reeves has already held that Tigue's petition falls under § 2254, DE #3, but the Court performs this analysis for completeness and because Tigue particularly chose and filed a § 2241 petition form. *See also* DE #1, at 3, 12 (referencing § 2241). The Court in no way, though,

"in custody in violation of the Constitution or laws or treaties of the United States." Even if the Court construed Tigue's filing (liberally evaluating the *pro se* submission, as required) as a § 2241 petition, however, it would still facially fail.[5]

Petitioning under § 2241 is an option for "persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Atkins v. People of State of Mich.*, 644 F.2d 543, 546 n.1 (6th Cir. 1981). However, a "body of case law has developed holding that . . . courts should abstain from the exercise of [§ 2241] jurisdiction if the issues raised in the petition may be resolved . . . by other state procedures available to the petitioner." *Id.* at 546. The Sixth Circuit has explained the reasoning:

> Abstention from the exercise of the habeas corpus jurisdiction is justified by the doctrine of comity, a recognition of the concurrent jurisdiction created by our federal system of government in the separate state and national sovereignties. Intrusion into state proceedings already underway is warranted only in extraordinary circumstances. Thus the doctrine of exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes.

*Id.* (citation omitted).

Thus, exhaustion remains a requirement for § 2241 petitions (although judicially grafted, not a statutory mandate). *Phillips v. Court of Common Pleas*, 668 F.3d 804, 810 n.4 (6th Cir. 2012). "Habeas petitioners must exhaust all available state court remedies before proceeding in federal court, and this usually requires that they appeal an adverse decision all the way to the

---

purports to endorse Tigue's argument that he is in fact, due to his lack-of-jurisdiction or void/suspended-judgment arguments, a pretrial detainee. *See, e.g.*, *id.* at 3, 5, 11, 37. To the contrary, he admits a retrial occurred and that a jury convicted him. *Id.* at 1.

[5] A similar screening mechanism exists, per § 2243 (requiring writ issuance or an order directing respondent to show cause "unless it appears from the application that the applicant or person detained is not entitled" to the writ). *See Allen*, 424 F.2d at 141 (Under § 2243, "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face.").

state's court of last resort." *Id.* at 810; *see also, e.g.*, *Humphrey v. Plummer*, 840 F. Supp. 2d 1040 (S.D. Ohio 2011) (dismissing petition for failing to exhaust); *Harmon v. Long*, No. 3:15-CV-0149, 2015 WL 1275285 (M.D. Tenn. Mar. 18, 2015) (same); *Heard v. Hickey*, No. 5:12-CV-55-JBC, 2012 WL 1080279 (E.D. Ky. Mar. 30, 2012) (same).[6] Requiring exhaustion of state remedies protects the state courts' opportunity to resolve constitutional issues and to limit federal interference in state judicial proceedings. *Atkins*, 644 F.2d at 546. This is all the more important here because Tigue seeks the "drastic" remedy of charge dismissal, which "could not be more disruptive of pending state actions." *Id.*

For the reasons discussed above, Tigue, to this point, failed to exhaust available state court remedies before filing this petition. Indeed, he affirmed that his direct appeal to the Kentucky Supreme Court remains pending. DE #1, at 2. Therefore, § 2241, like § 2254, provides him (at least at this time) with no avenue for relief.

Tigue thus presents a legally frivolous petition—one that is indisputably, based on the current specific context of his pending Kentucky criminal case, without merit. He did not properly exhaust state remedies before making this § 2254, as construed, or § 2241, filing. The petition, thus, plainly shows he is entitled to no relief. Accordingly, the District Court should summarily dismiss it.

*Hearing*

To the extent the Court must evaluate the need for a hearing, the Court perceives no need for one as to this petition, which conclusively shows that Petitioner is presently entitled to no relief, as the recommended screening dismissal indicates. *See* 28 U.S.C. § 2254(e)(2); *Williams*

---

[6] Tigue's petition presents no claim courts identify as an "exception" to the general rule *Phillips* states. *See, e.g.*, *Humphrey*, 840 F. Supp. 2d at 1043; *Hawkins v. Thomas*, No. 3:16-CV-901, 2017 WL 85376, at *3 n.1 (M.D. Tenn. Jan. 10, 2017).

*v. Taylor*, 120 S. Ct. 1479, 1488-91 (2000); *Stanford v. Parker*, 266 F.3d 442, 459-60 (6th Cir. 2001) (evidentiary hearing not required under § 2254 when "the petitioner's claims are . . . without merit"). Tigue is not entitled to an evidentiary hearing on this meritless petition.

*Certificate of Appealability*

Additionally, to the extent the Court must evaluate whether to issue a Certificate of Appealability, such a Certificate may issue where a petitioner has made a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). This standard requires a petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000); *see also Miller-El*, 123 S. Ct. at 1039-40 (discussing development of standard). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. *See* 28 U.S.C. § 2253(c)(3); *Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of . . . claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001)). For dismissals on procedural grounds, as to when a Certificate of Appealability should issue, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 120 S. Ct. at 1604. Petitioner has not made a "substantial showing" as to any claimed denial of rights; his claims conclusively fail. Per the above discussion, reasonable jurists would not find the Court's procedural determinations debatable. Accordingly, the Court recommends that the District Court entirely deny a Certificate of Appealability.

7

*Conclusion*

For the stated reasons, the Court **RECOMMENDS** that the District Judge **SUMMARILY DISMISS** the petition (DE #1) without prejudice and **DENY** a Certificate of Appealability. Per Rule 4, the Clerk **SHALL** notify Petitioner of this Recommendation and **SHALL** properly serve a copy of the petition (DE #1) and this Recommendation on the Kentucky Attorney General.

\*    \*    \*    \*    \*

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

To the extent required, this Recommended Disposition gives Petitioner explicit prior notice of the recommendation of dismissal, made under Rule 4. *Cf. Shelton v. United States*, 800 F.3d 292, 294-96 (6th Cir. 2015) (discussing § 2255 Rule 4(b) dismissal on timeliness grounds and stating: "Not only is a notice requirement compatible with the rule, it also promotes accuracy at the screening stage[.] . . . A notice requirement gives petitioners the opportunity to bring essential information not evident from the face of the motion to the court's attention[.]"); *Persinger v. Warden*, No. 2:15-cv-2653, 2015 WL 5385005, *3 (S.D. Ohio Sept. 14, 2015) (providing express notice of right to object to recommended summary dismissal of § 2254

petition on timeliness grounds to comply with notice requirement outlined in *Shelton*). If Petitioner has arguments to make in opposition to dismissal, he must properly object and present those arguments to the District Judge.

This the 23d day of August, 2017.

Signed By:

**Robert E. Wier**

**United States Magistrate Judge**