UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at LONDON**

| | | |
|---|---|---|
| SHAWN TIGUE, | ) | |
| | ) | |
| Petitioner, | ) | Civil Case No. |
| | ) | 6:17-cv-230-JMH-REW |
| v. | ) | |
| | ) | |
| AARON SMITH, Warden, | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |

\*\*\*\*\*\*

When a state prisoner seeks federal habeas relief he must first exhaust remedies available in state court or demonstrate their inadequacy. 28 U.S.C. § 2254(b)(1). This flows from longstanding comity and federalism principles ingrained into the federal habeas scheme. Indeed, navigating state courts before coming to federal court is part and parcel of the post-conviction process.

Shawn Tigue, the petitioner in this case, was first found guilty of murder in state court before the Kentucky Supreme Court overturned his conviction and vacated his sentence. He then attempted to stop a second prosecution but failed. And after being convicted a second time, he filed a habeas petition with this Court while his direct appeal was pending in state court. Former Magistrate Judge Robert Wier recommended that this Court deny Tigue's petition as premature. Tigue then filed lengthy written

1

objections and supplemental objections to Judge Wier's recommended disposition. [DE 7, 9].

No doubt, Tigue has vigorously litigated his case. But in coming to this Court now—while his case is on appeal in state court-he has run afoul of the habeas exhaustion requirement. Thus, after a de novo review, this Court finds that Tigue's petition fails for the reasons articulated in Judge Wier's Report and Recommendation. Accordingly, this court will **ACCEPT** and **ADOPT** the magistrate judge's recommended disposition as its own.

I.  **Background**

Petitioner Tigue filed a pro se petition for a writ of habeas corpus on August 18, 2017. [DE 1]. Although Tigue filed his petition pursuant to § 2241, Judge Reeves construed the petition as arising under § 2254. [DE 3]. Consistent with local practice, this matter then went to Judge Wier for initial review and a recommended disposition [DE 4].

Judge Wier reviewed the petition and on August 23, 2017 recommended that this Court summarily dismiss the petition and deny a certificate of appealability. [DE 5]. Specifically, Judge Wier found that Tigue's petition required dismissal under Rule 4 of the Rules Governing Section 2254 Proceedings because "[s]imply put, the federal habeas exhaustion requirement bars Tigue's claims." [DE 5, p. 3]. Tigue admits his case is currently pending

a direct appeal to the Kentucky Supreme Court. [DE 1, p. 2]. Thus, Judge Wier concluded, Tigue has not exhausted all available state remedies. [DE 5, p. 3]. Judge Wier further concluded that exhaustion would bar Tigue's petition even if the Court had found it fell under § 2241 rather than § 2254. [*Id.*, pp. 4-5]. The magistrate judge also (1) found no need for a hearing on Tigue's petition, and (2) recommended this Court deny a certificate of appealability. [*Id.*, p 6-8].

Tigue then filed Objections to Judge Wier's Report and Recommendation [DE 7], a Motion for Extension of Time to File Objections [DE 8], and Supplemental Objections to the Report and Recommendation. [DE 9]. In determining whether Tigue's filings were timely, this Court applies the prisoner mailbox rule under Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts. This rule considers a filing timely if "deposited in the institution's internal mailing system on or before the last day for filing." Rule 3(d). The Court deems this date to be the date on which the prisoner signed the documents and presumably placed them into the mailing system. *See United States v. Hutsell*, No. 5:10-CR-78, 2015 WL 914736, at *1, n.1 (E.D. Ky. Mar. 3, 2015). And because Tigue was served by mail, three additional days for service are provided by Fed. R. Civ. P. 6(d). Tigue's Motion for an Extension of Time was signed September 8, and postage marked September 11. Under either date, it was timely

3

filed. This Court **GRANTS** the Motion for Extension of Time [DE 8] and finds that Tigue's objections were timely filed. We now consider Tigue's objections, in turn.

## II. Standard of Review

Under Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(c). Any objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *VanDiver v. martin*, 304 F.Supp.2d 934, 937–38 (E.D. Mich. 2004).

## III. Analysis

Tigue makes many objections that center on alleged violations of his rights under the Fifth, Sixth, and Fourteenth Amendments. [DE 7, p. 8]. In total, Tigue lists eleven objections. [DE 7]. He also filed supplemental objections that largely overlap with his original objections. [DE 9].

4

"[T]he doctrine of exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). "The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile." *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Although Tigue makes numerous "objections," none addresses the main issue before this Court: namely, that Tigue has failed to exhaust his state remedies. Indeed, Tigue writes, "Tigue does, in fact, admit that a direct appeal is pending." [DE 7, p. 26]. Tigue also admitted as much in his original petition. [DE 1, p. 2]. That action remains pending. And where a prisoner fails to exhaust his state court remedies, he cannot come to federal court. *O'Sullivan v. Boerckel*, 119 S.Ct. 1728, 1731 (1999).

Tigue argues throughout his objections that his counsel was conflicted and thus he needs federal intervention in this habeas action. But as the magistrate judge found, "the federal habeas exhaustion requirement bars Tigue's claims." [DE 5, p. 3]. Tigue "must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan*, 119 S.Ct. at 1731. "[W]hen a prisoner

alleges that his continued confinement for a state court conviction violates federal law, the state court should have the first opportunity to review this claim and provide any necessary relief." *Id*. at 1732.

Thus, exhaustion is dispositive here. And Tigue does nothing to refute the exhaustion requirement. Tigue makes a range of arguments in his objections that are not relevant at this point. And Tigue's objections do *not* contain what *is* important here: a discussion about exhaustion. Tigue bears the burden of showing he has complied with the exhaustion requirement. *Rust*, 17 F.3d at 160. By merely repeating other arguments contained in his original petition, Tigue fails to carry his burden. And when a petitioner presents an objection that "simply summarizes what has been presented before, [it] is not an 'objection' as that term is used in this context." *VanDiver*, 304 F.Supp.2d at 937

In short, he fails to establish, at this time, that this Court should consider his petition. *See Rust*, 17 F.3d at 160. The magistrate judge's finding is old hat: "Filing a federal habeas petition without exhausting available state remedies is an improper way to seek relief." {DE 5, p. 4].

The same is true of Tigue's arguments under § 2241. Tigue initially filed his petition under that section, but Judge Reeves construed the petition as falling under § 2254. [DE 3]. This

6

Court agrees. But even if the petition fell under § 2241, exhaustion is required. *See Phillips v. Court of Common Pleas*, 668 F.3d 804, 810 (6th Cir. 2012). And as the magistrate found, Tigue has failed to satisfy the exhaustion requirement. Thus, his petition would also fail under § 2241.

Courts should "summarily dismiss [a] petition without even requiring a response from the government if the petition and exhibits plainly show that the petitioner is not entitled to relief." *Carson v. Burke*, 178 F.3d 434, 437 (6th Cir. 1999). The magistrate judge found exhaustion plainly shows that Tigue is not entitled to relief and recommended summarily dismissing the petition. This Court agrees.

Finally, the magistrate judge found Tigue failed to meet the standard for an evidentiary hearing or a certificate of appealability. Again, this Court agrees. Tigue makes no specific objections as to the magistrate judge's recommendation on denying an evidentiary hearing and a certificate of appealability. This alone suffices to adopt the magistrate judge's findings because Tigue did not make specific objections. *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). But in any event, the Court agrees with the magistrate judge's recommendation. Because Tigue's claims are without merit, he fails to meet the requirement for an evidentiary hearing. *See Stanford v. Parker*, 266 F.3d 442, 459–460 (6th Cir.

7

2001). In addition, Tigue has not made a "substantial showing of the denial of a constitutional right" required for a certificate for appealability. *See* 28 U.S.C. § 2253(c)(2). Here, where the petition is dismissed on procedural grounds, Tigue must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000). This Court agrees with the magistrate judge that Tigue has not mad such a showing and "reasonable jurists would not find the Court's procedural determinations debatable." [DE 5, p. 7].

**IV. Conclusion**

For the foregoing reasons, the objections of Petitioner are overruled, and the Report and Recommendation of the magistrate judge is accepted and adopted as the Court's own.

Accordingly, **IT IS ORDERED**:

(1) that the Report and Recommendation of the magistrate judge [DE 5] is **ACCEPTED** and **ADOPTED** as the Court's own;

(2) that Tigue's Petition for Writ of Habeas Corpus [DE 1] is **SUMMARILY DISMISSED WITHOUT PREJUDICE**;

(3) that no certificate of appealability shall issue from this court.

This the 12th day of July, 2018.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge